**TEXACO, INC. and Texaco Refining and Marketing, Inc., Relators,**

v.

**The Honorable Ricardo H. GARCIA, Judge, Respondent.**

No. 94–0745.

Supreme Court of Texas.

Jan. 12, 1995.

Deborah G. Hankinson, Dallas, David R. Noteware, Patricia A. Nolan, Houston, for relators.

Joseph O. Slovacek, Houston, Ricardo H. Garcia, San Diego, Ronald D. Secrest, Houston, Abelardo Garza, San Diego, Dana G. Kirk, Matthew A. Kornhauser, Alistair B. Dawson, Jennifer Parker, Houston, for respondent.

PER CURIAM.

In this original proceeding, Relators Texaco, Inc. and Texaco Refining and Marketing Inc. ("Texaco") seek a writ of mandamus directing the trial judge (1) to vacate his June 7, 1994 order denying Texaco's motion to disqualify and (2) to grant Texaco's motion to disqualify. Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus.

Plaintiffs James G. Holten and Quail Valley, Ltd. d/b/a Valley View Shopping Center sued Texaco and others alleging that a shop-

ping center has been contaminated by the migration of petroleum products from a Texaco-brand service station and by the disposal practices followed by Texaco, the service station operator and the previous owner of Plaintiffs' property and the adjoining property on which the Texaco station was built. Plaintiffs are seeking to recover economic and environmental damages and allege causes of action for negligence, gross negligence, trespass, nuisance, strict liability, negligence per se, misrepresentation, fraud and fraudulent concealment. Texaco filed a motion to disqualify Plaintiffs' attorney, Ronald Secrest and the firm of Beck, Redden & Secrest, alleging that Mr. Secrest and the name partners of the firm formerly practiced with the firm of Fulbright & Jaworski which was the long-time counsel to Texaco and its related, affiliated and subsidiary companies. Between 1985 and 1992, during the tenure of Mr. Secrest and the other named partners of Beck, Redden & Secrest at Fulbright & Jaworski, Fulbright & Jaworski represented Texaco in no fewer than 106 litigation matters and of those 106 matters, 9 cases specifically dealt with environmental contamination and property damages. As counsel for Texaco and many of its affiliated companies, Fulbright & Jaworski's partners and associates would have participated in multiple negotiations and legal consultations requiring access to privileged and confidential information.

While he was a Fulbright & Jaworski partner, Mr. Secrest participated in defending Texaco in another environmental contamination lawsuit—David M. Cummings, et al. v. Texaco Chemical Co., et al. in the Federal District Court of the Eastern District of Texas. In Cummings, the plaintiffs alleged that Texaco and others polluted the plaintiffs'

land with leaching and/or improper disposal of petroleum by-products, chemicals and hazardous wastes. In this case, the Plaintiffs allege that Texaco and others polluted their land by improperly disposing and handling of certain battery cases which contained lead, and petroleum products which leaked from underground storage tanks. Plaintiffs allege that the materials migrated into and contaminated their land from the adjoining property. The causes of action alleged in Cummings, as in this one, included trespass, negligence, nuisance, strict liability and negligence per se.[1] The trial judge denied the motion to disqualify.

Texaco argues that the trial judge abused his discretion when he denied the motion to disqualify. We agree.

Rule 1.09(a) states in pertinent part that "[w]ithout prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client ... if it is the same or a substantially related matter." Rule 1.09(b) states that "[e]xcept to the extent authorized by Rule 1.10 [concerning successive government and private employment], when lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a) [of Rule 1.09]."

Relators are required to "prove the existence of a prior attorney-client relationship in which the factual matters involved were so related to the facts in the pending litigation that it creates a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary." *NCNB Texas National Bank v. Coker*, 765 S.W.2d

---

1. Furthermore, Mr. Secrest's time records in Cummings v. Texaco Chemical Company indicated, among other things, that he assisted in the preparation of the trial brief, pretrial order, proposed jury charge and motion in limine, conferred with co-counsel on the trial schedule, participated in formulating defense strategy with Texaco and other co-defendants, prepared trial exhibits from information provided by the Texaco defendants, drafted several motions filed on the Texaco defendants' behalf, participated in numerous office conferences to discuss various aspects of preparing for trial, participated in selecting the defense's expert toxicologist and

helped that witness develop the facts and present him at trial, participated in discussions with other Fulbright & Jaworski attorneys concerning deposition strategy, preparation for trial including review of documents, compilation of witnesses and exhibit lists, and trial strategy, reviewed numerous status reports prepared by Fulbright & Jaworski for Texaco, conducted or attended several depositions, reviewed memos concerning interviews of potential witnesses, participated in jury selection conferences, cross-examined plaintiffs' expert toxicologist at trial, and handled the charge conference.

398, 400 (Tex.1989). The Plaintiffs' allegations in this case involve similar liability issues, similar scientific issues, and similar defenses and strategies as were present in Cummings. The factual matters involved in Cummings appear to be so related to the facts in this case "that it creates a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary." Although we do not presume that Mr. Secrest has revealed confidential information of Texaco to his present client, he should be disqualified from further representation in the pending litigation. *See NCNB Texas National Bank v. Coker,* 765 S.W.2d at 400. Consequently, the trial judge abused his discretion when he denied Texaco's motion to disqualify concerning Mr. Secrest. In addition, since Mr. Secrest is disqualified, the entire firm of Beck, Redden & Secrest is also disqualified. *See* Rule 1.09(b) ("when lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so...."). Consequently, the trial judge abused his discretion when he denied Texaco's motion to disqualify.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ will issue only if the trial judge refuses to act in accordance with this opinion.