Lorenzo MENDOZA and Elia Muniz Mendoza, Individually and as Parents on Behalf of the Estate of Elia Lorenza Mendoza Muniz, Deceased, and James F. Scherr, Relators,

v.

The EIGHTH COURT OF APPEALS, Respondent.

No. 95–0796.

Supreme Court of Texas.

March 7, 1996.

Andrew F. MacRae, Austin, Michael J. Crowley, Austin, Jim Darnell, El Paso, for Relators.

Timothy L. White, El Paso, John W. McChristian, Jr., El Paso, for Respondent.

PER CURIAM.

Because we hold that the trial court did not abuse its discretion in denying the motion for sanctions filed by the real parties in interest, we conditionally grant Scherr's petition for writ of mandamus.

Elia Mendoza, an employee of Contico International, Inc. ("Contico"), was brutally murdered in Mexico while delivering a payroll to one of Contico's Mexican plants. Mendoza's parents Lorenzo and Elia Mendoza brought suit for wrongful death. On February 16, 1995, during a hearing on a discovery dispute, counsel for Contico observed that the Mendozas' attorney James Scherr appeared to possess a notebook and a videotape from Contico's investigation file. Contico's counsel immediately requested Scherr to submit the notebook to the trial court for an examination. The trial court declined to require Scherr to do so until Contico filed an appropriate motion. After the hearing, Contico's counsel and investigator confronted Scherr, inquiring where Scherr had obtained the notebook and videotape and accusing him of obtaining it by unlawful means. Scherr left the courthouse without responding to the questions or accusations. The same day,

Contico filed criminal charges against Scherr. Contico then filed a motion for sanctions against Scherr and his clients seeking to strike the Mendozas' pleadings, the entry of a take nothing judgment and the award of costs.

On February 17, 1995, the trial court directed Scherr to submit the notebook and videotape for an in camera inspection. Through retained criminal defense counsel, Scherr tendered a notebook and his affidavit stating that the notebook was the same one he had in his possession at the February 16 hearing. Contico submitted a copy of its investigative notebook to the trial court for comparison with the one submitted by Scherr.

On February 22, 1995, the trial court held a hearing on the motion for sanctions. When Contico questioned Scherr about how he had obtained the notebook and whether it was a copy of Contico's investigation notebook, Scherr refused to answer and invoked his Fifth Amendment rights against self-incrimination. In response to other questions, Scherr testified that the notebook he submitted to the trial court was the same one he had in his possession at the February 16 hearing and that he had not made any changes to any of the documents in it.

There was conflicting evidence about the videotape. Contico's investigator Richard Acosta testified that the videotape he saw in Scherr's possession on February 16 had a label in the handwriting of Acosta's wife. Acosta also testified that the copy of the videotape his wife had labeled contained a few seconds of a Mexican television newscast that was included by mistake in copying the tape. The videotape Scherr tendered to the court contained the flaw but had a typed label. Scherr testified that he received the tape from his own investigators in Mexico. After hearing other testimony and comparing the notebooks submitted by Scherr and Contico, the trial court denied Contico's motion for sanctions.

The court of appeals conditionally granted Contico's petition for writ of mandamus, holding that Scherr's refusal to deny affirmatively that he had improperly obtained a copy of Contico's investigation notebook and Scherr's invocation of his privileges against self incrimination created a presumption that he had unlawfully obtained confidential information of Contico. —— S.W.2d at —— through ——. The court of appeals directed the trial court to disqualify and sanction Scherr. —— S.W.2d at ——. The trial court complied by disqualifying Scherr and ordering him to pay $7500 in sanctions.

■ Contico asserts that Scherr waived his right to seek mandamus review in this Court because he failed to file a motion for rehearing in the court of appeals. We disagree.

■ Under most circumstances, a petition for writ of mandamus must be presented to the court of appeals before filing a petition in this Court. TEX.R.APP.P. 121(a)(1). Contico correctly observes that in order to preserve an issue for review by application for writ of error, a party must present the issue to the court of appeals in a motion for rehearing. TEX.R.APP.P. 131(e); *Oil Field Haulers Ass'n v. Railroad Comm'n*, 381 S.W.2d 183, 187 (Tex.1964). Unlike an application for writ of error, the Texas Rules of Appellate Procedure do not require or provide for a motion for rehearing of a petition for writ of mandamus in the court of appeals. *Compare* TEX.R.APP.P. 121(a)(1) *with* TEX. R.APP.P. 100. A party need not file a motion for rehearing of a petition for writ of mandamus in the court of appeals to preserve an issue for review by this Court on petition for writ of mandamus.

■ Scherr asserts that the trial court did not abuse its discretion in denying Contico's motion for sanctions. We agree.

■ For mandamus to issue, a party must demonstrate that a court committed a clear abuse of discretion and that the party has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). An appellate court may not disturb a trial court's factual determination on mandamus review. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex.1990). A party usually does not have an adequate remedy by appeal if its counsel is disquali-

fied. *NCNB Texas Nat'l Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989).

There was evidence that indicated Scherr had Contico's confidential information in his possession. Further, Scherr asserted his privileges against self incrimination when asked at the February 22 hearing whether the notebook he used at the February 16 hearing was Contico's investigation notebook and whether he possessed any part of Contico's investigation file. If the record contained nothing more, it may have been appropriate to allow the fact finder to draw a negative inference that Scherr had come into possession of confidential information by unauthorized means. However, Scherr also submitted a notebook to the trial court which he testified was the same notebook he had at the February 16 hearing. The trial court compared the notebooks submitted by Scherr and Contico and reasonably could have concluded that Scherr's notebook was not a copy of Contico's investigation notebook and did not contain any of Contico's confidential information.[1] The evidence surrounding the videotape was also conflicting and the trial court resolved the conflict in favor of Scherr. These factual determinations by the trial court may not be disturbed by mandamus review. *See Brady,* 795 S.W.2d at 714. Therefore, the trial court did not abuse its discretion, and, thus, mandamus by the court of appeals was improper.

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, and without hearing oral argument, this Court conditionally grants the petition for writ of mandamus.

---

1. We have compared the notebooks submitted in camera.