In re William L. BUTLER d/b/a William L. Butler Insurance Agency, Relator.

No. 14–98–01206–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 4, 1999.

kee's predictive statements were false or had no reasonable basis.

Jeffrey Richard Roper, Thomas M. Fountain, Houston, for relators.

Glenn J. Fahl, Joanna F. Miller, Michael I. Davis, Houston, for respondents.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## OPINION

PAUL C. MURPHY, Chief Justice.

In this mandamus proceeding, relator, William L. Butler d/b/a William L. Butler Insurance Agency, contends the trial court committed a clear abuse of discretion by granting a motion to disqualify relator's attorney, Thomas M. Fountain. Finding no clear abuse of discretion by the trial court, we deny mandamus relief.

## I. BACKGROUND

In the underlying case, Patricia Inman, "individually and d/b/a Inman Wrecker Service," sued the real party in interest, Gainsco County Mutual Insurance Company ("Gainsco County Mutual"), Texas All Risk General Agency, Inc. ("Texas All Risk"), and relator in the 281 st District Court of Harris County for breach of contract, bad faith, and violations of the Insurance Code and DTPA ("the *Inman* lawsuit"). Gainsco County Mutual and Texas All Risk also filed cross-claims against relator for indemnity. The *Inman* lawsuit is based on Gainsco County Mutual's denial of coverage and refusal to defend its insured, Inman, under an automobile liability policy, after two of Inman's wreckers were involved in accidents. Gainsco County Mutual issued the policy in question and its recording agent, Texas All Risk, sold the policy to Inman and then canceled it for alleged nonpayment of premiums. Relator later took over the Inman account. After Gainsco County Mutual denied coverage, a judgment was rendered against Inman. In the *Inman* lawsuit, relator is represented by Thomas M. Fountain of Thomas M. Fountain & Associates. Fountain was formerly employed by the law firm of Chalker Bair & Associates ("Chalker Bair") and worked on an earlier suit known as "the *Rose* lawsuit."

In the *Rose* lawsuit, Paula Rose, individually and "as assignee of William Roy Pierce," sued "General Agents Insurance Company of America, Inc. a/k/a Gainsco Insurance Company" ("General Agents") in the 113 th District Court of Harris County for breach of contract and negligence. Although Rose sued General Agents, subsequent filings by the defendant referred to "Gainsco" or "The Gainsco Companies." Chalker Bair represented General Agents and/or The Gainsco Companies. Similar to the *Inman* lawsuit, the *Rose* lawsuit was based on General Agent's denial of coverage and refusal to defend its insured, Pierce, under a garage policy issued to a local dealership. After purchasing a vehicle from the dealership, Pierce was involved in a serious automobile accident with Rose. Having no insurance of his own, Pierce requested a defense from General Agents. Claiming that Pierce was not covered by the garage policy, General Agents refused. Thereafter, a jury returned a verdict in favor of Rose and the court rendered judgment against Pierce for approximately $6 million. Pierce then assigned his insurance claims against General Agents to Rose. General Agents and/or The Gainsco Companies eventually obtained a summary judgment in their favor.

Based upon Chalker Bair's prior representation of General Agents in the *Rose* lawsuit, Gainsco County Mutual filed a motion to disqualify Fountain from representing relator in the *Inman* lawsuit. Relator filed a response asserting: (1) waiver; (2) no prior attorney-client relationship; and (3) that the two lawsuits did not involve the same or substantially related matters. On October 9, 1998, the court held a hearing and granted Gainsco County Mutual's motion to disqualify. Relator then filed this mandamus.

## II. ANALYSIS

The granting or denial of a motion to disqualify is reviewable by mandamus. *See National Medical Enterprises, Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996); *see also Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 789–90 (Tex.1996). Mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses

its discretion, either in resolving factual issues or in determining legal issues, when there is no other adequate remedy by law. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). This court has held that an appeal from an order granting a motion to disqualify is inadequate because such an order results in immediate and palpable harm that disrupts the trial proceeding and deprives a party of the right to have counsel of its choice. *See Schwartz v. Jefferson*, 930 S.W.2d 957, 959 (Tex.App.-Houston [14th Dist.] 1996, orig. proceeding). Because disqualification is a severe remedy, the courts must adhere to an exacting standard so as to discourage the use of a motion to disqualify as a dilatory trial tactic. *See Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex.1990). Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. *See id.* Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard. *See id.*

The Texas Rules of Professional Conduct provide guidance in determining whether an attorney should be disqualified from representing a party in litigation. *See Henderson v. Floyd*, 891 S.W.2d 252, 253 (Tex.1995). Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct is the applicable rule and provides in part:

(a) Without prior consent, a lawyer who personally has formally represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

\* \* \*

(3) if it is the same or a substantially related matter.

\* \* \*

(b) Except to the extent authorized by Rule 1.10 [concerning successive government and private employment] when lawyers are or have become members of or associated with a firm, none of them shall knowingly represent a client if any one of them practicing alone would be prohibited from doing so by paragraph (a).

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.1998) (TEX. STATE BAR R. art. X, § 9).

Thus, the party moving to disqualify an attorney must prove: (1) the existence of a prior attorney-client relationship; (2) in which the factual matters involved were so related to the facts in the pending litigation; and (3) that it involved a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary. *See NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex.1989).[1] If the moving party meets this burden, he or she is entitled to a conclusive presumption that confidences and secrets were imparted to the former attorney. *See id.*[2]

We address relator's waiver contention first. Relator contends that Gainsco County Mutual waived its complaint about a conflict of interest by continuing to conduct discovery after learning about the conflict and by failing to object to Inman's designation of a former Gainsco County Mutual officer as a testifying expert. This contention is without merit. Waiver of a motion to disqualify is determined by the filing of the motion. A party who does not file a motion to disqualify opposing counsel in a timely manner waives the complaint. *Vaughan v. Walther*, 875 S.W.2d 690 (Tex.1994) (per curiam). In determining whether a party has waived the complaint, the court will consider the length of time between when the conflict became apparent to the aggrieved party and

---

1. Justice Baker noted another requirement: "that the attorney is now representing another in a matter adverse to the former client." *In re Epic Holdings, Inc.*, 985 S.W.2d 41, 60 (Tex. 1998) (J. Baker, dissenting). Given Gainsco County Mutual's cross-claim for indemnity, there is no dispute that Fountain's representation of

relator in the *Inman* lawsuit is adverse to Gainsco County Mutual.

2. Though *Coker* was decided before the adoption of Rule 1.09, its analysis still applies. *See Metropolitan Life Ins. Co. v. Syntek Finance Corp.*, 881 S.W.2d 319, 320–21 (Tex.1994).

when the aggrieved party filed the motion to disqualify. *See Wasserman v. Black*, 910 S.W.2d 564, 568 (Tex.App.-Waco 1995, orig. proceeding).

According to Gainsco County Mutual, it first learned of Fountain's representation in the *Rose* lawsuit at a deposition taken in the *Inman* lawsuit on August 6, 1998. At that time, Gainsco County Mutual requested Fountain to voluntarily disqualify himself. When Fountain did not respond, Gainsco County Mutual filed a motion to disqualify two weeks later on August 20, 1998. Relator does not dispute these facts. Accordingly, Gainsco County Mutual did not waive its motion to disqualify.

■ Relator next contends there is no evidence of a prior attorney-client relationship between Fountain and Gainsco County Mutual. A review of the reporter's record from the motion to disqualify hearing shows that the trial court concluded there was a prior attorney-client relationship based on: (1) the undisputed "testimony" of Gainso County Mutual's counsel, Glenn Fahl; (2) documents attached to the motion to disqualify; and (3) internal Chalker Bair documents submitted *in camera* by Gainsco County Mutual. At the hearing on the motion to disqualify, Fahl stated that "The Gainsco Companies" is simply an acronym for a group of companies, including General Agents, that use different letterheads, but share the same address, the same personnel, the same claims and underwriting departments, and the same policy guidelines. Relator contends that Fahl's unsworn statements are not evidence. Gainsco County Mutual asserts that relator waived any complaint by failing to object.

■ Normally an attorney's statements must be under oath to be considered evidence. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997). The opponent of the testimony can waive the oath requirement, however, by failing to object when the opponent knows or should know that an objection is necessary. *See id.* In *Banda*, the court held that the unsworn statements of the defendant's counsel at a hearing to enforce a pre-suit settlement constituted some evidence of the agreement where the record clearly showed that the plaintiff's attorney

should have objected to the unsworn statements. *See id.* The court's conclusion is based, in part, on the fact that defendant's counsel twice stated she was testifying as an officer of the court. *See id.*

Here, the record plainly shows the court recognized that Fahl was testifying as an officer of the court. The record also shows that relator's counsel, Fountain, was aware of that fact. When asked by the court to dispute Fahl's statements, Fountain responded: "I don't know." The court then stated: "So you have nothing to dispute that assertion ... *as an officer of the court, that testimony* he has given to this point?" Fountain responded in part: "But as far as *evidence,* no I don't have any *evidence* in front of me to dispute...." Later in the hearing, the court observed: "And I have the *testimony,* which you said that you are not in a position to dispute, that the claims procedures, claims representatives, and claims handling and the underwriting of all these policies are done in a central location by the same people." Because Fahl was clearly testifying as an officer of the court, relator's counsel knew or should have known that an objection to that unsworn testimony was necessary. *See id.* Having failed to make such an objection, relator waived any complaint relating to the oath requirement. *See id.*

■ Even with Fahl's testimony, relator argues there is still no evidence of a prior attorney-client relationship. Relator asserts that while Fahl represented General Agents, Fahl never testified that General Agents and Gainsco County Mutual were the same entities. Relator's argument fails. Disqualification does not necessarily require counsel to have previously represented the same entity. *See e.g., Texaco, Inc. v. Garcia*, 891 S.W.2d 255, 256 (Tex.1995) (upholding the disqualification of plaintiffs' counsel in an environmental contamination suit against Texaco because he had previously represented Texaco and its *related, affiliated and subsidiary companies* in several environmental contamination cases). Here, the issue is whether relator's counsel had access to privileged and confidential information belonging to Gainsco County Mutual by virtue of his prior repre-

sentation of General Agents. *See* TEX. DISCI-PLINARY R. PROF'L CONDUCT 1.09 cmt. 4B. As Fahl testified, the companies included within The Gainsco Companies share the same facilities, personnel and policy guidelines. Fahl specifically identified General Agents as one of The Gainsco Companies. Similarly, the *in camera* documents suggest that while Fountain's former firm, Chalker Bair, was representing General Agents in the *Rose* lawsuit, the firm was also representing The Gainso Companies. These documents include memoranda to, and from, Fountain, that not only refer to "Gainsco" in connection with the *Rose* lawsuit, but also show the significant amount of work that Fountain performed on that case. The documents also include a letter to a representative of The Gainsco Companies detailing the background of the litigation and evaluating liability in the *Rose* lawsuit. Further, a copy of The Gainsco Companies' letterhead, which was attached to the motion to disqualify, identifies both General Agents and Gainsco County Mutual as part of The Gainsco Companies.

■ Factual determinations by the trial court may not be disturbed by mandamus review. *See Mendoza v. Eighth Court of Appeals,* 917 S.W.2d 787, 790 (Tex.1996). Given the documentary evidence of Fountain's prior representation of The Gainsco Companies and Fahl's undisputed testimony about the relationship of the companies that operate under that acronym, the trial court reasonably concluded there existed a prior attorney-client relationship between Fountain and Gainsco County Mutual. The fact that a reviewing court might decide a factual issue differently, does not mean the court should disturb the trial court's decision unless that decision is shown to be arbitrary and unreasonable. *See Walker,* 827 S.W.2d at 840. Based on the evidence presented to the trial court, we cannot say the trial court's decision was arbitrary and unreasonable.

■ Finally, relator contends the *Rose* and *Inman* lawsuits do not involve the same or substantially related matters.[3] Relator bases its contention on factual differences in the two lawsuits. Disqualification of counsel is not improper, however, merely because factual differences exist between the prior and current representation. *See Texaco,* 891 S.W.2d at 256. In *Texaco,* the plaintiffs alleged that Texaco contaminated their property by improperly disposing of chemical and hazardous waste. *See id.* The Supreme Court upheld the disqualification of plaintiffs' counsel because he had previously represented Texaco and its affiliates in several environmental contamination cases, including one that involved different facts, but "similar liability issues, similar scientific issues and similar defenses and strategies." *See id.* at 256–57.

As in *Texaco,* there are factual distinctions between the *Inman* and *Rose* lawsuits. For example, the *Inman* lawsuit deals with the alleged wrongful cancellation of an automobile liability policy by the insurer's recording agent while the *Rose* lawsuit deals with coverage of a purchaser's vehicle under an automobile dealership's garage policy. Both lawsuits, however, allege breach of the duty to defend based on the erroneous denial of coverage by essentially the same insurer. Insofar as both lawsuits revolve around the reasonableness of the insurer's conduct in relation to the underlying policy claims, they both involve similar liability issues and similar defenses and strategies. A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *See Walker,* 827 S.W.2d at 839 (citing *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). Here, it was not unreasonable for the trial court to conclude that the *Rose* and *Inman* lawsuits dealt with substantially related mat-

3. Disciplinary Rule 1.09 also permits the disqualification of counsel if the representation in reasonable probability will involve a violation of Rule 1.05. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09(a)(2). Rule 1.05 provides that, subject to certain exceptions, a lawyer shall not knowingly reveal a client's or former client's confidential information to the disadvantage of the client or former client without consent. *See Epic Holdings,* 985 S.W.2d at 60 (J. Baker, dissenting). Rule 1.09(a)(2) provides a distinct and alternative basis for disqualification. *See Clarke v. Ruffino,* 819 S.W.2d 947, 950 (Tex.App.-Houston [14th Dist.] 1991, orig. proceeding). Because Gainsco County Mutual did not seek disqualification on this basis, we do not address it.

ters. Therefore, we cannot say the trial court abused its discretion in disqualifying Fountain.

 Finally, relator contends it is entitled to mandamus relief because the court's order does not recite "evidence of specific similarities" between the Rose and Inman lawsuits. *See Coker,* 765 S.W.2d at 400 (holding that the movant's burden is to present evidence of "specific similarities capable of being recited in the disqualification order."). In its order, the trial court disqualified Fountain "due to his previous representation of Gainsco County Mutual Insurance Company in a case that this Court finds to be substantially similar to the [*Inman*] cause." In *Coker,* the Supreme Court concluded from the vagueness of the trial court's order and the circumstances surrounding entry of the order that the substantial relation test was not used. *See id.* Here, while the court's order does not fully comply with *Coker,* we are unable to conclude from our review of the record that the trial court failed to apply the proper test. Accordingly, because we find no clear abuse of discretion by the trial court in granting the motion to disqualify, we deny mandamus relief.