**In re Cheryl Sue WALLINGFORD, Relator.**

No. 03–99–00761–CV.

Court of Appeals of Texas, Austin.

Nov. 24, 1999.

Released for Publication Dec. 16, 1999.

Edwin J. (Ted) Terry, Jr., Law Offices of Edwin J. (Ted) Terry, Jr., Austin, for Relator.

Lora J. Livingston, Austin, for Respondent.

James E. Farris, Farris & Green, L.L.P., Austin, for Real Party In Interest.

Before Justices KIDD, B.A. SMITH, and YEAKEL.

PER CURIAM.

Relator Cheryl Sue Wallingford brings this petition for writ of mandamusrequesting that we order the district court to vacate its order disqualifying all attorneys associated with the Law Offices of Edwin J. (Ted) Terry, Jr. from representing her in this case. We will conditionally grant the writ.

This proceeding arises out of the suit for divorce between Wallingford and Douglas M. Dewey, the real party in interest. After a divorce settlement was reached, but before judgment was rendered, Terry sought to substitute in as counsel for Wallingford. Dewey moved to disqualify Terry, contending that his attorney had disclosed confidential information and strategy when consulting with Terry earlier in the case. At the hearing on the motion, Dewey's attorney reiterated that argument. Terry testified that, though he had consulted with Dewey's attorney regarding cases, he did not recall any conversations or confidential information regarding this case; he said that, if he had, he would not have sought to represent Wallingford. The district court disquali-

fied Terry and all attorneys in his firm from representing Wallingford. By this petition,Wallingford seeks to have that disqualification order vacated.

■ Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985); *see also Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A district court abuses its discretion on factual decisions only if it arbitrarily and unreasonably departs from the only finding the facts support. *Walker*, 827 S.W.2d at 840. A clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *Id.*

■ The ruling on a motion to disqualify counsel is reviewable by mandamus. *See Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 789–90 (Tex. 1996); *see also National Medical Enters., Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex. 1996); *In re Butler*, 987 S.W.2d 221, 224 (Tex.App.—Houston [14th Dist.] 1999, orig. proceeding) (disqualification "results in immediate and palpable harm that disrupts the trial proceeding and deprives a party of the right to have counsel of its choice"). The Fourteenth Court went on to write that

> [b]ecause disqualification is a severe remedy, the courts must adhere to an exacting standard so as to discourage the use of a motion to disqualify as a dilatory trial tactic. *See Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex.1990). Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. *See id.* Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard. *See id.*

*Butler*, 987 S.W.2d at 224. The evidence must preponderate in favor of the motion. *NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex.1989).

■ We conclude that the trial court abused its discretion in granting the motion to disqualify because no evidence in the record favors the motion. The only statements in the record favoring the motion are unsworn statements by counsel for the real party in interest. "Normally, an attorney's statements must be under oath to be considered evidence." *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997). The opponent of the testimony can waive the oath requirement "by failing to object when the opponent knows or should know that an objection is necessary." *Id.* In that case, the supreme court held that the record showed that the attorney made her statements while "clearly attempting to prove the existence and terms of the settlement agreement." *Id.* Though not technically under oath, the attorney included statements such as that " 'as an officer of the court I can just state under oath …' " and that " 'this agreement that *I'm testifying to* today before the court as an officer of the court....' " *Id.* (Emphasis in opinion.) The court held that the opponent of the testimony waived his objection to the other attorney's statements being considered evidence. *Id.* The Fourteenth Court followed that ruling in *Butler*, writing:

> Here, the record plainly shows the court recognized that Fahl [the real party in interest's attorney] was testifying as an officer of the court. The record also shows that relator's counsel, Fountain, was aware of that fact. When asked by the court to dispute Fahl's statements, Fountain responded: 'I don't know.' The court then stated: 'So you have nothing to dispute that assertion … *as an officer of the court, that testimony* he has given to this point?' Fountain re-

sponded in part: 'But as far as *evidence,* no I don't have any evidence in front of me to dispute....' Later in the hearing, the court observed: 'And I have the *testimony,* which you said that you are not in a position to dispute, that the claims procedures, claims representatives, and claims handling and the underwriting of all these policies are done in a central location by the same people.' Because Fahl was clearly testifying as an officer of the court, relator's counsel knew or should have known that an objection to that unsworn testimony was necessary. *See* [*Banda,* 955 S.W.2d at 272]. Having failed to make such an objection, relator waived any complaint relating to the oath requirement.

*Butler,* 987 S.W.2d at 225 (emphasis in opinion).

In this case, the real party in interest did not similarly put relator on notice that she needed to object to unsworn testimony. Counsel for the real party explained his argument to the court, but never stated that it was testimony or that he was speaking as an officer of the court. Terry, by contrast, asked to be placed under oath. He was cross examined by the real party. This was the only sworn testimony in the hearing. At the close of the cross examination, the district court asked the real party, "Do you want to put on some testimony?" and his attorney replied, "No, I just want to talk to you in chambers." While explaining her decision not to retreat to chambers with the real party's attorney, the district court made the only reference in the record to representations made as an officer of the court, saying "I'm concerned that if your representations *in your motion* is as an officer of the court, is that you had a conversation with him where confidential information was disclosed, the fact that Mr. Terry doesn't remember it isn't any more convincing. So I'm going to grant the motion to dis-

qualify." (Emphasis supplied.) This record lacks the statements the supreme court has held signal the opponent of the testimony that an objection is necessary. Thus, the real party's unsworn explanation of events is not evidence.

The only evidence in the record is that Terry does not recall having a conversation about this case. That evidence does not support his disqualification.

■ Because there is no evidence in the record favoring the disqualification, the district court abused her discretion by sustaining the motion to disqualify. We will conditionally grant the petition for writ of mandamus. The writ will issue only if the district court fails to vacate its order.

We trust that the district court will act promptly because of the impending December 1, 1999 deadline for the filing of the motion for new trial and/or the notice of appeal. Because of that impending deadline, we will suspend the district court's order to allow Terry's firm to represent Wallingford pending the district court's vacation of that order.