Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed March 5, 2009








 

Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed March
5, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01017-CV

____________

 

IN RE MICHELLE E. MURPHY, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this
original proceeding, relator, Michelle E. Murphy, seeks a writ
of mandamus ordering the respondent, the Honorable Gladys Burwell, presiding
judge of the Probate Court of Galveston County, to vacate her October 6, 2008
order disqualifying relator as counsel.  We conditionally grant the writ.

I.  Underlying Facts and Procedural History








The
underlying litigation involves a dispute over the administration of the estate
of James Morelock.  Relator Michelle E. Murphy is the decedent=s daughter, and real party in
interest, Kari Strain Morelock, is his surviving spouse.  On August 8, 2007,
Murphy filed an application to serve as administrator of the decedent=s estate.  On August 27, 2007, Morelock
filed an application to probate the decedent=s will.  On January 24, 2008,
Morelock non-suited her application to probate the will, and, on April 4, 2008
filed a competing application to serve as administrator of the decedent=s estate.  The underlying action in
this case is the dispute between Murphy and Morelock as to who should be
appointed administrator of the decedent=s estate.

On June
4, 2008, Morelock filed a motion to disqualify Murphy as counsel on the grounds
that (1) Murphy had previously represented Morelock and the decedent in the
preparation of a survivorship agreement and (2) local rules and Texas case law
prohibit an individual acting pro se to administer an estate.  Murphy responded
to Morelock=s motion alleging (1) Morelock waived disqualification because she
delayed in filing the motion until ten months after Murphy filed her application
to be appointed as administrator, (2) Murphy did not represent Morelock in the
preparation of the survivorship agreement, (3) no confidential information was
disclosed in preparation of the agreement, and (4) the local rule does not
apply to Murphy.  








The
respondent held a hearing on Morelock=s motion and found that Morelock did
not waive her objection and that Murphy was disqualified as counsel both as a
result of her previous representation of Morelock and because she is seeking
letters of administration.  At the hearing, both parties testified about a
survivorship agreement that Murphy prepared prior to the decedent=s death.  Morelock testified that she
and the decedent had not executed wills and were concerned about property
division following one or the other=s death.  Murphy suggested that they
enter into a survivorship agreement, which would address to whom the property
would pass upon the death of either spouse.  Morelock testified that she
divulged confidential financial information to Murphy to facilitate Murphy=s preparation of the agreement. 
Morelock, the decedent, and Murphy were present when the agreement was signed,
and Murphy represented both parties to the agreement.  Morelock further
testified that Murphy=s earlier representation of her was so related to the
administration of the estate that there was a genuine threat that the
confidences she revealed would be disclosed.

Murphy
contradicted Morelock=s testimony, stating that in preparing the survivorship
agreement, she represented only her father, the decedent.  She disputed that
Morelock divulged confidential information, testifying that all of the
information used in preparation of the agreement was public record.  Although
the agreement affected both parties, she prepared it at the request of the
decedent.  She obtained the information to prepare the agreement by searching
county records.  

With
regard to the issue of waiver, Morelock testified that the conflict did not
arise until she filed for letters of administration on April 4, 2008.  She
further testified that she was not aware of her right to file a motion to
disqualify counsel until she retained her current counsel approximately four
weeks before the motion was filed.

On
October 6, 2008, the respondent issued an order granting the motion to
disqualify finding that Murphy Apreviously represented Kari Strain Morelock in a matter
substantially related to the proceedings at bar.@  The respondent further held that
Murphy Ais disqualified from serving as
counsel for herself in the capacity of applicant as administrator.@  Murphy filed this mandamus
proceeding challenging the trial court=s order of disqualification.

II.  Standard of Review








Mandamus
is an extraordinary remedy to correct a trial court=s abuse of discretion that cannot be
remedied through standard appellate channels.  Walker v. Packer, 827
S.W.2d 833, 840B44 (Tex. 1992) (orig. proceeding).  Appeal is not an adequate
remedy for a trial court=s erroneous disqualification of a party=s chosen counsel.  In re Butler,
987 S.W.2d 221, 224 (Tex. App.CHouston [14th Dist.] 1999, orig. proceeding).  Because
disqualification is a severe remedy, the courts must adhere to an exacting
standard so as to discourage the use of a motion to disqualify as a dilatory
trial tactic.  Spears v. Fourth Court of Appeals, 797 S.W.2d 654, 656
(Tex. 1990) (orig. proceeding).  The burden is on the movant to establish with
specificity a violation of one or more of the disciplinary rules.  See id. 
Mere allegations of unethical conduct or evidence showing a remote possibility
of a violation of the disciplinary rules will not suffice under this standard. 
Id.

To show
an abuse of discretion with respect to factual issues, the party requesting
mandamus relief must establish that the trial court could have reached but one
decision, given the facts existing and law applicable to the case.  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding).  The trial court=s decision may be disturbed by mandamus only if it is shown
to be arbitrary or unreasonable.  Walker, 827 S.W.2d at 839; Butler,
987 S.W.2d at 226.

Murphy
challenges the respondent=s order on the following grounds: (1) Morelock waived her
right to disqualify counsel by waiting too long to file her motion, (2) the
trial court=s order does not recite evidence of specific similarities between the
administration of the estate and preparation of the survivorship agreement, (3)
there is no conflict of interest because relator did not represent Morelock in
preparing of the survivorship agreement, and (4) the Galveston County local
policy does not apply in this instance.

III.  Waiver








Murphy
contends that Morelock waived her complaint about a conflict of interest by
waiting over nine months to object to Murphy representing herself as the
administrator of the estate.  Waiver of a motion to disqualify is determined by
the filing of the motion.  A party who does not file a motion to disqualify
opposing counsel in a timely manner waives the complaint.  Vaughan v.
Walther, 875 S.W.2d 690 (Tex. 1994) (orig. proceeding).  In determining
whether a party has waived the complaint, the court will consider the length of
time between when the conflict became apparent to the aggrieved party and when
the aggrieved party filed the motion to disqualify.  See Wasserman v. Black,
910 S.W.2d 564, 568 (Tex. App.CWaco 1995, orig. proceeding).  The court should also consider
any other evidence which indicates the motion is being filed not due to a
concern that confidences related in an attorney‑client relationship may
be divulged but as a dilatory trial tactic.  Spears, 797 S.W.2d at 656.

Morelock
filed her motion to disqualify counsel on June 4, 2008.  Murphy contends that
the conflict became apparent to Morelock on August 8, 2007 when Murphy filed
for letters of administration.  Morelock testified that she did not file a
completing claim for administration until April 4, 2008. 

The
trial court heard evidence from both parties and determined that Morelock did
not waive her right to file the motion.  The trial court=s implied finding of no waiver is
supported by Morelock=s testimony that the conflict did not become apparent until
she filed a competing claim for letters of administration.  Factual
determinations by the trial court may not be disturbed by mandamus review if
those determinations are supported by sufficient evidence.  See Mendoza v.
Eighth Court of Appeals, 917 S.W.2d 787, 790 (Tex. 1996) (orig.
proceeding).  After reviewing the record, we conclude the trial court=s finding is supported by sufficient
evidence.  The trial court did not abuse its discretion in finding that
Morelock did not waive her right to seek disqualification.  Her motion was
filed in June, just two months after she filed her competing letters of
administration.

IV.  Conflict of Interest

Murphy
further argues that the trial court abused its discretion in finding a conflict
of interest because (1) she did not represent Morelock in preparation of the
survivorship agreement and (2) even if a prior attorney-client relationship
existed, the two matters are not substantially related so as to require
disqualification of counsel.  








The
Texas Rules of Professional Conduct provide guidance in determining whether an
attorney should be disqualified from representing a party in litigation.  See
Henderson v. Floyd, 891 S.W.2d 252, 253 (Tex. 1995) (orig. proceeding). 
Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct is the
applicable rule and provides in part:

(a) Without
prior consent, a lawyer who personally has formally represented a client in a
matter shall not thereafter represent another person in a matter adverse to the
former client:

                                                                          *
* *

(2) if the
representation in reasonable probability will involve a violation of Rule 1.05;
or

(3) if it
is the same or a substantially related matter.

Tex. Disciplinary R. Prof=l Conduct 1.09, reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A (Vernon Supp.
2008) (Tex. State Bar R. art. X, '
9).

Rule
1.05, referenced in Rule 1.09(a)(2), addresses a lawyer=s duties with respect to a client=s confidential information.  Rule
1.05(b), provides:

(b) [A]
lawyer shall not knowingly:

(1) Reveal
confidential information of a client or a former client[.]

* * *

(3) Use
confidential information of a former client to the disadvantage of the former
client after the representation is concluded unless the former client consents
after consultation or the confidential information has become generally known.

Tex. Disciplinary R. Prof=l Conduct 1.05, reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A (Vernon Supp.
2008) (Tex. State Bar R. art. X, '
9).

Rule
1.09(a)(2) incorporates Rule 1.05, which prohibits a lawyer=s use of confidential information
obtained from a former client to that former client=s disadvantage.  Rule 1.09, thus
forbids a lawyer to appear against a former client if the current
representation in reasonable probability will involve the use of confidential
information or if the current matter is substantially related to the matters in
which the lawyer has represented the former client.  In re Hoar Construction,
256 S.W.3d 790, 800 (Tex. App.CHouston [14th Dist.] 2008, orig. proceeding).  








The
party moving to disqualify an attorney must prove: (1) the existence of a prior
attorney‑client relationship, (2) in which the factual matters involved
were so related to the facts in the pending litigation, (3) that it involved a
genuine threat that confidences revealed to his former counsel will be divulged
to his present adversary.  See NCNB Tex. Nat=l Bank v. Coker, 765 S.W.2d 398, 400 (Tex. 1989)
(orig. proceeding). 

Although
the court heard evidence on whether the information given to Murphy was
confidential, the court made a finding only as to whether the matters were
substantially similar.  The trial court found that Murphy Apreviously represented Kari Strain
Morelock in a matter substantially related to the proceedings at bar.@  Murphy argues that the link between
the preparation of the community property survivorship agreement and the facts
and issues in the administration of the estate do not meet the Asubstantially related@ standard.  In making this argument,
she primarily relies on her arguments that no confidential information was
disclosed in preparation of the survivorship agreement.  However, the client=s privilege in confidential
information disclosed to her attorney is not nullified by the fact that the
circumstances to be disclosed are part of a public record, or that there are
other available sources for such information.  In re American Airlines, Inc.,
972 F.2d 605, 614 (5th Cir. 1992), citing Emle Industries, Inc. v. Patentex,
Inc., 478 F.2d 562, 572B73 (2d Cir. 1983).  AThis ethical precept exists without
regard to the nature or source of information or the fact that others share the
knowledge.@  Brennan=s, Inc. v. Brennan=s Rests., Inc., 590 F.2d 168, 172 (5th Cir. 1979). 









In any
event, in this case, the trial court found the existence of a Asubstantial relationship@ between the previous representation
and the current proceedings.  If the movant proves the existence of a
substantial relationship, there is a conclusive presumption that confidences
were imparted to the former attorney.  Coker, 765 S.W.2d at 400. 
Morelock maintains that the subject of the underlying litigation, i.e., whether
there is a need for administration of the decedent=s estate, is substantially similar to
the preparation of the survivorship agreement because both actions Arelate[] to assets of the Decedent
and Mrs. Morelock=s estate[.]@

The
severity of disqualification of counsel requires the movant to produce evidence
of specific similarities capable of being recited in the disqualification
order.  Id.  A substantial relationship may be found only after Athe moving party delineates with
specificity the subject matter, issues and causes of action@ common to prior and current
representations and the court engages in a Apainstaking analysis of the facts and
precise application of precedent.@  American Airlines, 972 F.2d
at 614.  Morelock failed to meet this burden by failing to show evidence of
specific similarities capable of being recited in the disqualification order. 

Furthermore,
the trial court=s order fails to recite evidence of specific similarities as
required by the supreme court in Coker.  In Coker, the court held
that A[t]he vagueness of the court=s order indicates that the
substantial relation test was not used; had it been, the court should have been
able to state without difficulty the precise factors establishing a substantial
relationship between the two representations.@  Coker, 765 S.W.2d at 400. 
The order in this case is vague and does not, on its face, state the precise
factors establishing a substantial relationship between the two
representations.  

This
court has previously held that even if the order is vague, if it is apparent
from the record that the trial court applied the proper test, a failure to
comply with Coker is not an abuse of discretion.  In re Butler,
987 S.W.2d at 227.  In this case, it is not apparent from the record that the
trial court applied the proper test. 








The
trial court=s order does not sufficiently recite the factors the court considered in
determining the two proceedings were substantially similar.  The court=s order merely states that the
proceedings are Asubstantially similar.@  Further, the record does not reveal
how the proceedings are related.  If the court had properly applied the
substantial relationship test, it should have been able to recite in the order
the precise factors establishing a substantial relationship between the two
representations.  Because the court failed to do so, it abused its discretion
in granting the motion to disqualify.  See Coker, 765 S.W.2d at 400.

V.  Local Policy

Finally,
Murphy argues that the trial court abused its discretion because the local
policy relied on by the court does not apply in this instance.  In finding that
Murphy could not represent herself in seeking letters of administration, the
trial court relied in part on a local policy. 

The
policy states:

A pro se
is an individual who has not retained an attorney and appears in court to
represent himself and no other person or entity.

Under Texas
law, individuals applying for letters testamentary, letters of administration,
determinations of heirship, and guardianships of the person or estate must be
represented by a licensed attorney.  This rule follows from the requirement
that only a licensed attorney may represent the interests of third-party
individuals or entities and follows case law that fiduciaries must be
represented by an attorney.

The only
proceedings that you can handle as a pro se are those in which you truly
would be representing only yourself.  For example, a pro se may
apply to probate a will as a muniment of title when he or she is the sole
beneficiary under the will and there are no debts against the estate other than
those secured by liens against real estate.  Whether a muniment of title is
the correct probate procedure for a particular situation is a legal decision
that is best made by an attorney.  Note that anyone falsely swearing that
the estate has no creditors, including Medicaid estate recovery, is
subject to a perjury charge.

Although
the Clerk will accept documents for filing by pro se applicants, the
Court will take no action on the documents unless there is an attorney of
record in that case.

 








Probate Court of Galveston County, Texas
Administrative Order 2007-02. (emphasis in original)

The
policy states on its face that it is based on the requirement that only a
licensed attorney can represent the interests of a third party.  Murphy is a
licensed attorney approved to represent the interests of others; therefore, we
agree with Murphy that the local policy of prohibiting pro se administration of
estates does not apply to her.  Therefore, the trial court abused its
discretion in disqualifying counsel based on the local policy of the Galveston
County Probate Court.

VI.  Conclusion

We
conditionally grant the petition for a writ of mandamus and direct the trial
court to vacate its October 6, 2008 order disqualifying relator as counsel.  We
are confident that the respondent will comply.  The writ will issue only if the
trial court fails to act in accordance with this opinion.  The stay issued by
this court on November 6, 2008 is lifted.

 

 

 

/s/        Leslie B. Yates

Justice

 

 

 

 

Panel consists of Justices Yates, Seymore,
and Boyce.