**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 26, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00081-CV

---

## IN RE SAEED KAHN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-18239**

---

## MEMORANDUM  OPINION

On January 30, 2013, relator Saeed Kahn filed a petition for writ of mandamus in this court.  *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52.  In the petition, relator asks this court to compel the Honorable Joseph

Halbach, presiding judge of the 333rd District Court of Harris County, to vacate his order disqualifying William B. Underwood, III as counsel for relator. We deny the petition for writ of mandamus.

## Background

Real-party-in-interest 2000 IIG is a corporation incorporated by relator Saeed Khan for the purpose of operating a convenience store. Akhtar Lakhani and Mirza Javed Ashraf are also directors and officers of 2000 IIG. On June 7, 2007, Khan and 2000 IIG filed suit against Arif M. Siddiq ("the 2007 suit"). The suit involves property known as the Rodrigo property. 2000 IIG purchased the note on the Rodrigo property in 2005. Khan, Siddiq, and Lakhani intended to develop the Rodrigo property and sell it. Khan allegedly transferred the property as president of 2000 IIG to Siddiq, but contends he did not receive the consideration for the transfer that was promised by Siddiq. In 2007, Khan and 2000 IIG sued Siddiq for breach of contract alleging Siddiq never paid Khan for the property. They sought to rescind the sale based on failure of consideration, fraud, fraudulent inducement, fraudulent misrepresentation, and "other torts giving rise from the Defendant's acts and omissions[.]"

On February 29, 2008, attorney William Underwood substituted as counsel for 2000 IIG in the 2007 suit. On December 8, 2008, Khan filed an amended petition in which he non-suited the claims against 2000 IIG. On February 10, 2010, Khan non-suited his claim against Siddiq. This suit settled and Khan agreed not to make a claim against 2000 IIG with regard to the Rodrigo property.

2

On March 19, 2010, Khan filed suit in cause no. 2010-18239 against Siddiq, Ashraf, and Lakhani ("the 2010 suit"). Khan filed the 2010 suit to recover, among other things, the consideration he allegedly was promised for the transfer of the Rodrigo property to Siddiq. As in 2007, Khan also sought rescission of the deed on the basis of common law fraud, statutory fraud, fraudulent inducement, fraudulent misrepresentation, accident or mutual mistake.

On September 20, 2010, 2000 IIG filed a plea in intervention claiming the property and any causes of action relating to the property belong to 2000 IIG, not Khan. 2000 IIG alleged that Khan improperly acted in 2000 IIG's name without authority. Also, on September 20, 2010, 2000 IIG filed its first motion to disqualify Underwood as Khan's counsel. 2000 IIG argued that Underwood represented it in the 2007 suit and that the two suits involve the same complaint. This 2010 motion was passed and the parties did not obtain a ruling.

On December 27, 2011, Khan filed a counterclaim against 2000 IIG in which he sought a declaratory judgment that the release entered into in another suit filed in 2008 ("the 2008 suit") be set aside and rescinded and that the stock of 2000 IIG be returned to Khan. Khan argued that the release should be rescinded on the basis of fraud, misrepresentation, or mutual mistake. On April 3, 2012, Khan non-suited his counterclaim against 2000 IIG. On August 16, 2012, Khan re-filed the counterclaim against 2000 IIG.

On August 27, 2012, 2000 IIG filed its second motion to disqualify Underwood. In the motion, 2000 IIG alleged that Underwood represented 2000 IIG in the 2007 suit and that he confirmed in a May 18, 2012 deposition that he

3

represented 2000 IIG and served as advisor and counsel including the issue of the Rodrigo property. Khan responded to the motion to disqualify arguing that the suits did not involve similar matters and Underwood did not obtain confidences during his earlier representation. Khan further argued that 2000 IIG waived its disqualification argument through delay.

On September 21, 2012, the trial court held a hearing on the motion to disqualify. After hearing argument of counsel, the trial court denied the motion. On October 5, 2012, 2000 IIG filed a motion for reconsideration. In the motion, 2000 IIG alleged that the subject matter of the 2007 suit was "the warranty deed that conveyed the Rodrigo property to Arif Siddiq and allegations of fraud and failure on the part of Arif Siddiq to pay consideration to Saeed Khan." 2000 IIG alleged that the "subject matter, fact scenario, and current claims are virtually the same as the September 2012 counterclaim petition filed by William Underwood against his former client, 2000 IIG Inc."

On October 19, 2012, the trial court held a hearing on the motion for reconsideration. At the hearing, 2000 IIG's attorney argued that Underwood should be disqualified because the 2007 suit involved the "same fact scenario" as the 2010 suit and the counterclaim re-filed in 2012. The trial court took the matter under advisement and advised the parties if they needed findings of fact and conclusions of law to file proposed findings and conclusions. The trial court issued an order without separate findings of fact and conclusions of law granting the motion to disqualify Underwood.

4

Khan challenges the trial court's order in this petition for writ of mandamus, raising two issues: (1) Did 2000 IIG waive its motion to disqualify Underwood through delay? and (2) Are the two suits substantially similar?

**Mandamus Standard**

Mandamus is appropriate to correct a trial court's abuse of discretion in denying a motion to disqualify counsel because there is no adequate remedy by appeal. *See In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 52–54 (Tex. 1998). In determining whether mandamus is appropriate, we focus on whether the trial court abused its discretion. *In re Meador*, 968 S.W.2d 346, 350 (Tex. 1998). In determining whether the trial court abused its discretion with respect to resolution of factual matters, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

**Waiver**

We will first address Khan's contention that 2000 IIG waived its motion to disqualify through delay. In considering a motion to disqualify, the trial court must adhere to an exacting standard to prevent a party from using a motion to disqualify as a dilatory trial tactic. *See Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). One of the requirements of that exacting standard is that a party who does not file a motion to disqualify opposing counsel in a timely manner waives the complaint. *Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994).

5

Waiver of a motion to disqualify is determined by the filing of the motion. *In re Butler*, 987 S.W.2d 221, 224 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). In determining whether a party waived the complaint, the court will consider the length of time between when the conflict became apparent to the aggrieved party and when the aggrieved party filed the motion to disqualify. *See Butler*, 987 S.W.2d at 224–25. The court also should consider any other evidence that indicates the motion is being filed not due to a concern that confidences related in an attorney-client relationship may be divulged but as a dilatory trial tactic. *In re Louisiana Texas Healthcare Management, LLC*, 349 S.W.3d 688, 690 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

The first motion to disqualify Underwood as counsel for Khan was filed September 20, 2010. On the same day, 2000 IIG filed a plea in intervention asserting its interest in the property. The disqualification hearing that was scheduled for October 4, 2010 was passed, and no ruling was made on the 2010 motion. On April 3, 2012, Khan non-suited his claims against 2000 IIG. On August 6, 2012, Khan re-filed his counterclaim against 2000 IIG. On August 28, 2012, 2000 IIG filed the second motion to disqualify Underwood as counsel for Khan. The second motion was granted by the respondent.

Our primary inquiry is when the conflict became apparent to 2000 IIG. If it was in September 2010, the length of the delay in this case is sufficient to support a finding of waiver. *See HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 628 (Tex. App.—Austin 1992, writ denied) (trial court did not abuse its discretion in denying motion to disqualify filed eleven months after conflict became

6

apparent); *Conoco, Inc. v. Baskin*, 803 S.W.2d 416, 420 (Tex. App.—El Paso 1991, no pet.) (trial judge reasonably could have found waiver of the disqualification motion where relators were first advised of a possible conflict nearly eleven months before the motion to disqualify was filed, and only one and one-half months before the scheduled trial date); *Enstar Petroleum Co. v. Mancias*, 773 S.W.2d 662, 664 (Tex. App.—San Antonio 1989, orig. proceeding) (where conflict became apparent as early as December 1988, and trial was set for March 1989, a motion to disqualify the entire firm filed on same date of trial was untimely).

In this case, the first motion to disqualify was filed in 2010, and passed by the movants. The second motion was not filed for another two years. Khan raised the issue of waiver in response to the motion to disqualify. The parties argued waiver at the initial hearing that resulted in denial of the motion. In the motion for reconsideration and at the hearing on the motion, waiver was not addressed. The trial court's disqualification order does not expressly address waiver.

Factual determinations by the trial court may not be disturbed by mandamus review if those determinations are supported by sufficient evidence. *See Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 790 (Tex. 1996) (orig. proceeding). The trial court's implied finding of no waiver is supported by 2000 IIG's evidence that the conflict did not become apparent until Khan re-filed the counterclaim in August 2012. 2000 IIG filed its motion to disqualify less than one month after the counterclaim was re-filed. After reviewing the record, we conclude the trial

court's finding is supported by sufficient evidence. The trial court did not abuse its discretion in finding that 2000 IIG did not waive its right to seek disqualification.

## Substantial Similarity

We now turn to Khan's contention that the 2007 suit and the 2010 suit and 2012 counterclaim are not substantially similar. A lawyer who previously represented a client may not represent another person on a matter adverse to the client if the matters are the same or substantially related. *In re Columbia Valley Healthcare System, L.P.*, 320 S.W.3d 819, 824 (Tex. 2010) (orig. proceeding) (citing *Phoenix Founders, Inc. v. Marshall,* 887 S.W.2d 831, 833 (Tex. 1994) (orig. proceeding); *NCNB Texas Nat'l Bank v Coker*, 765 S.W.2d 398, 399–400 (Tex. 1989) (orig. proceeding); Tex. Disciplinary R. Prof'l Conduct 1.09(a), *reprinted* in Tex. Gov't Code, tit. 2, subtit.G, app. A, (State Bar. R art. X, § 9)). The party moving to disqualify an attorney must prove: (1) the existence of a prior attorney-client relationship; (2) in which the factual matters involved were so related to the facts in the pending litigation; (3) that it involved a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary. *See Coker*, 765 S.W.2d at 400 (Tex. 1989). If the moving party meets this burden, he or she is entitled to a conclusive presumption that confidences and secrets were imparted to the former attorney. *See id*. If the lawyer works on a matter, there is an irrebuttable presumption that the lawyer obtained confidential information during the representation. *Phoenix Founders, Inc.*, 887 S.W.2d at 833.

The parties do not dispute that a prior attorney-client relationship existed. Therefore, we turn to the question of whether the factual matters involved were so

related that there was a genuine threat that confidences revealed to former counsel will be divulged to the present adversary.

In the 2007 suit, Khan alleged that on or about October 3, 2006, Khan and Siddiq entered into an agreement for Siddiq to purchase the Rodrigo property. Khan alleged he executed a warranty deed for the property, but that Siddiq never paid "the required consideration." In the petition, Khan alleged the deed recited consideration of $10.00, but Siddiq had agreed to pay more than $450,000 for the property. He alleged the property was posted for sale in 2007 for $1,758,000. Khan sought to have the deed set aside or title to the property transferred back to him.

In the 2010 suit, Khan alleged that he, Siddiq, Ashraf, and Lakhani entered into an agreement under which Khan agreed to transfer "a substantial asset of 2000 IIG, Inc." to Siddiq in return for $225,000 plus fifty percent of the future profits of the Rodrigo property. Because no payments allegedly were made to Khan, he sued for breach of contract. Khan also alleged fraud and conspiracy under the same set of facts. Khan further sought a declaratory judgment that the Rodrigo property was improperly transferred to Siddiq and that the property should be returned either to Khan or 2000 IIG. In the alternative, Khan sought rescission of the deed to the property.

On August 16, 2012, Khan re-filed a counterclaim against 2000 IIG in the 2010 suit. In the counterclaim, Khan seeks to set aside a release entered into between the parties in a 2008 suit. According to the counterclaim, Khan, under the terms of the settlement agreement in the 2008 suit, "reserved his claims related to

9

the issues regarding the Rodrigo property that are involved in the instant litigation."

Khan argues that the suits are not substantially related because the 2007 suit was for rescission of the deed, and the 2012 counterclaim is for rescission of a settlement agreement. The 2012 counterclaim, however, arises out of the 2010 suit, which is virtually identical to the 2007 suit. The record reflects that in both cases Khan argues he did not receive sufficient consideration for the transfer of the Rodrigo property. The factual recitations in each of the petitions set forth the facts surrounding the warranty deed allegedly issued to Siddiq for the Rodrigo property.

In determining similarity, we are to consider whether the issues in the two cases are similar, not the remedy sought by the plaintiff. *See Home Ins. Co. v. Marsh*, 790 S.W.2d 749, 754 (Tex. App.—El Paso 1990, orig. proceeding). Disqualification of counsel is not improper, however, merely because factual differences exist between the prior and current representation. *See Texaco v. Garcia*, 891 S.W.2d 255, 256 (Tex. 1995) (upholding the disqualification of plaintiffs' counsel in an environmental contamination suit against Texaco because he had previously represented Texaco and its related, affiliated and subsidiary companies in several environmental contamination cases). In this case, it was not unreasonable for the trial court to conclude that the 2007 and 2010 suits and the 2012 counterclaim dealt with substantially related matters. Therefore, we cannot say the trial court abused its discretion in disqualifying Underwood as Khan's counsel.

10

Khan has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny the petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Frost, Brown, and Busby.