In re Dennis **DRAKE**, Robert and Nancy Shivers; and Lance Fulton Casper.

No. 04–05–00465–CV.

Court of Appeals of Texas, San Antonio.

Feb. 15, 2006.

Dennis K. Drake, Law Office of Dennis K. Drake, Ray Leach, Leach & white, San Antonio, for appellant.

Elizabeth Conry Davidson, Curtis L. Cukjati, Martin & Cukjati, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

For almost twenty-two years, Dennis Drake represented the Bexar County Appraisal District ("BCAD") in ad valorem tax disputes as outside counsel. In 2003, Drake informed BCAD that he would no longer represent it. In 2004, Drake un-dertook representation of Robert and Nancy Shivers and Lance Fulton Casper, in separate lawsuits with BCAD involving disputes over the market value of property. The Shivers sued BCAD claiming an excessive appraisal or valuation and an unequal and non-uniform appraisal with other properties. BCAD sued Casper claiming an excessive appraisal or valuation. When Drake appeared on behalf of the Shivers and Casper, BCAD filed motions to disqualify him pursuant to Texas Disciplinary Rules 1.05 and 1.09. Drake argued that Rule 1.09 did not apply to his prior representation of a governmental agency, and he should not be disqualified based upon the guidelines provided under Rule 1.10.[2] Following a hearing on both motions, the trial court concluded Rule 1.09 applied, and granted the motions to disqualify. Because we hold that the trial court improperly applied the guidelines of Rule 1.09, we do not reach the issue of whether the trial court should have applied the guidelines of Rule 1.10.

## STANDARD OF REVIEW

The granting or denial of a motion to disqualify is reviewable by mandamus. *See National Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996) (orig.proceeding); *In re Bahn*, 13 S.W.3d 865, 872 (Tex.App.-Fort Worth 2000, orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.

2. Rule 1.10 applies to successive government and private employment. *See* Tex. Disciplin-ary R. Prof'l Conduct 1.10, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9).

*In re Daisy Mfg. Co.,* 17 S.W.3d 654, 658 (Tex.2000) (orig.proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding).

■■ With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision was arbitrary and unreasonable. *Id.* at 839–40. This burden is a heavy one. *Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex. 1994) (orig.proceeding). An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence supports the trial court's decision. *In re Barber,* 982 S.W.2d 364, 366 (Tex.1998) (orig.proceeding). An appellate court may not reconcile disputed factual matters in a mandamus proceeding. *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 60 (Tex.1991) (orig.proceeding).

■ Our review is much less deferential with respect to a trial court's determination of the legal principles controlling its ruling because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker,* 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

## DISQUALIFICATION

■ "Disqualification is a severe remedy." *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990) (orig.proceeding). In view of this severity and to discourage the use of motions to disqualify as a dilatory trial tactic, trial courts are required to "adhere to an exacting standard when considering [such] motions." *See id.* This "exacting standard" is not satisfied by mere allegations of unethical conduct or evidence showing only a remote possibility of a violation of Texas Disciplinary Rules of Professional Conduct. *Id.; In re Meador,* 968 S.W.2d 346, 350 (Tex. 1998) (orig.proceeding).

■ The Disciplinary Rules were adopted by the State Bar of Texas to establish the "minimum standards of conduct below which no lawyer can fall without being subject to disciplinary action." Tex. Disciplinary R. Prof'l Conduct preamble ¶ 7, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). The Disciplinary Rules are not controlling as standards governing motions to disqualify; however, they serve as guidelines that articulate considerations relevant to the merits of such motions. *See* Tex. Disciplinary R. Prof'l Conduct preamble ¶ 15; *Ayres v. Canales,* 790 S.W.2d 554, 556 n. 2 (Tex. 1990) (orig.proceeding).

The trial court applied Disciplinary Rule 1.09 to disqualify Drake. Disciplinary Rule 1.09 provides, "Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client: if the representation in reasonable probability will involve a violation of Rule 1.05 ... [or] if it is the same or a substantially related matter." Tex. Disciplinary R. Prof'l Conduct 1.09.[3]

---

3. *See also* Tex. Disciplinary R. Prof'l Conduct 1.05 (prohibiting use of confidential information relating to a client to that client's disadvantage, unless client consents).

A party seeking to disqualify an attorney under Rule 1.09 must show that during the existence of the attorney-client relationship, factual matters were involved that are so related to the facts in the pending litigation that a genuine threat now exists that confidences revealed to a former attorney will be divulged to his present adversary. *See Metropolitan Life Ins. v. Syntek Fin. Corp.*, 881 S.W.2d 319, 320–21 (Tex.1994); *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399–400 (Tex.1989) (orig.proceeding). "Sustaining this burden requires evidence of specific similarities capable of being recited in the disqualification order." *Coker*, 765 S.W.2d at 400. The movant may not rely on conclusions, but must provide the trial court with sufficient information to allow it to engage in a "painstaking analysis" of the facts. *J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Morris*, 776 S.W.2d 271, 278 (Tex.App.-Dallas 1989, orig. proceeding). The movant need not divulge confidences, but must delineate with specificity the subject matter, issues, and causes of action presented in the former representation. *Id.* If this burden is met, the movant is entitled to a conclusive presumption that confidences and secrets were imparted to the former attorney. *Coker*, 765 S.W.2d at 400. However, superficial resemblances among issues do not rise to the level of a substantial relationship. *Morris*, 776 S.W.2d at 278; *Arkla Energy Resources v. Jones*, 762 S.W.2d 694, 695 (Tex.App.-Texarkana 1988, orig. proceeding).

At the disqualification hearing, BCAD's counsel stated, "This is not a situation where the facts in the prior representation have any involvement in this situation. . . ." Therefore, there is no dispute that there exists no relationship, substantial or otherwise, between the facts in the Shivers and Casper cases and the facts in any prior representation by Drake on BCAD's behalf. Instead, BCAD argues that the Shivers and Casper cases involve the same claims and defenses as past cases in which Drake represented BCAD because all cases involve the valuation of property. Relators do not dispute that the claims and defenses raised in valuation cases are the same because all such cases seek the true market value of property. However, relators assert these similarities do not mean the prior cases are "substantially related" to the Shivers and Casper cases. We agree.

The trial court concluded that (1) the matters in which Drake represented the Shivers and Casper were substantially related to the matters in which Drake formerly represented BCAD; (2) BCAD established, by a preponderance of the evidence, facts indicating a substantial relationship between Drake's former representation of BCAD and his current representation of the Shivers and Casper; and (3) the prior attorney-client relationship between Drake's former representation of BCAD was one in which the factual matters involved were so related to the facts in the pending litigations that it creates a genuine threat that confidential information revealed by BCAD to Drake would be divulged to the Shivers and Casper.

The order lists no similar underlying "facts." Instead, the order lists various "similarities" between the past and present matters. For example, the trial court found that while Drake represented BCAD, he advised the district on the type of expert to retain or the type of expert or witness the district would not want questioned; and he engaged in various activities, including preparing and responding to discovery requests, formulating defense strategy, trial preparation, and attending

settlement conferences. Although these findings leave no doubt that Drake is familiar with the inner-workings of BCAD, none of the court's findings relate to specific factual similarities between the Shivers and Casper lawsuits and any lawsuits in which Drake formerly represented BCAD. The findings do not relate to (1) the individual characteristics of each property in arriving at market value; (2) the evaluation of each property according to market conditions existing on January 1 of the relevant tax year; (3) the unique set of market dynamics and individual property characteristics that must be considered separately for each property; (4) the applicable criteria for valuation of each property; or (5) the different valuation considerations BCAD brings to bear on each neighborhood in which the properties are located.

The court's findings, which speak only generally of Drake's representation of BCAD, "fall[ ] short of the requisites of the established substantial relation standard." *See Coker,* 765 S.W.2d at 400. It is undisputed that the facts, material to determining the issues to be litigated in the Shivers and Casper cases, are not related to the facts in any prior case in which Drake represented BCAD. Conclusions that valuation issues exist in all cases, without further evidence that the underlying facts are similar, will not support the trial court's disqualification order. Therefore, the trial court erred in disqualifying Drake on the grounds that he has, in the past, represented BCAD in substantially related matters. Accordingly, Drake is not subject to the conclusive presumption that BCAD's confidences and secrets were imparted to him.

Although the court's order does not state Drake was disqualified on the alternative ground that "the representation [of the Shivers and Casper] in reasonable probability will involve a violation of Rule 1.05," we conclude there is no basis for disqualification on this ground. There is no dispute that Drake did not obtain confidential information about the valuation of the Shivers' or Casper's property during the time he represented BCAD. BCAD's witness, Frank Timmerman, conceded all information in BCAD's files were discoverable, by law. The only "confidential" information Timmerman testified Drake possessed was knowledge about the strengths and weaknesses of appraisers and experts. However, he conceded that BCAD often hires experts used by plaintiffs and plaintiffs often hire experts used by the district. Although Timmerman answered "yes" when asked if Drake was privy to information that, if publicly disclosed, "would potentially subject the district to liability for litigation," he did not explain or elaborate on his answer. Based on this record, we conclude Drake did not acquire confidential information about BCAD that could be used to BCAD's disadvantage in the Shivers or Casper cases.

For the reasons stated above, the writ is CONDITIONALLY GRANTED. TEX. R.APP. P. 52.8(c). The Honorable Richard E. Price is ORDERED to withdraw his November 3, 2005 Order on Motion to Reconsider Order Disqualifying Counsel, Dennis K. Drake. If he does not do so within ten days of this order, we will issue the writ.

All costs are assessed against the party who incurred them.