Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00469-CV

**IN RE MACY'S TX I, L.P.** and Macy's Texas, Inc.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Alma L. López, Chief Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  July 23, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

Relators seek mandamus relief from the trial court's order denying their motion to compel arbitration. Relators assert that the real-party-in-interest, Erica Tomsic, was a party to the Federated Department Stores, Inc. Injury Benefit Plan for Texas Employees (the "Plan") which contained a binding arbitration provision applicable to the claims asserted in the underlying lawsuit. By its terms, the Plan applied to "All Texas employees of Federated Department Stores, Inc., Macy's West, Inc. and Federated Systems Group, Inc." From the evidence presented, the trial court did not clearly abuse its discretion in finding that Tomsic was not a party to the Plan because she was employed by Macy's Texas I, L.P. *See Verity Solutions, L.L.C. v. TASC, Inc.*, 2006 WL 488396, at *4 (W.D. Tex.

---

[1] This proceeding arises out of Cause No. 2007-CI-18427, styled *Erica Tomsic v. Macy's Texas, Inc.*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Gloria Saldaña presiding.

Feb. 6, 2006) (denying motion to compel arbitration where arbitration agreement referred only to parent company of employee not employees of parent company and its affiliates and subsidiaries); *see also In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 191 (Tex. 2007) (holding claims against affiliates were not subject to arbitration).

At the hearing before the trial court, relators' attorney argued "that once we show this acknowledgment [of the Plan] being signed and we show a connection between this and where she worked, either a general name or a specific name, we have before you a sworn document that actually proved up and said that Federated underwent a name change and became Macy's. That's all that we're required to prove." Relators' attorney appeared to be arguing that the Plan was applicable to any Macy's store employee regardless of the actual corporate identity of the employee's employer. As the Texas Supreme Court has noted, however, "corporate affiliates are generally created to separate the business, liabilities and contracts of each." *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d at 191. Although relators presented the trial court with an affidavit stating that Tomsic was an employee of "Macy's West, a retail division of Macy's, Inc., formerly known as Federated Department Stores, Inc.," Tomsic presented the trial court with her paystubs which were from "Macy's South, Paying Agent for Macy's TXI, LP." This court may not reconcile disputed factual matters in mandamus proceedings, and a trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006); *In re Drake*, 195 S.W.3d 232, 235 (Tex. App.—San Antonio 2006, mand. denied).

Therefore, the court is of the opinion that relief should be denied. Relators' petition for writ of mandamus and motion for temporary relief are denied. Relators shall pay all costs incurred in this proceeding.

PER CURIAM