Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00464-CV

## IN RE LIBERTY INSURANCE CORPORATION

Original Mandamus Proceeding[1]

Opinion by:   Rebecca Simmons, Justice

Sitting:     Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Rebecca Simmons, Justice

Delivered and Filed:   August 27, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Liberty Insurance Corporation ("Liberty Mutual") seeks a writ of mandamus compelling the trial court to grant its motion to disqualify opposing counsel. Because we cannot say the trial court abused its discretion, we deny the petition for writ of mandamus.

The underlying suit is a bad faith workers' compensation case. The plaintiff is represented by Doyle Raizner LLP ("Doyle Raizner"). Attorney Patrick Dennis, a third-year associate with Doyle Raizner listed on the pleadings in the underlying suit, was previously employed by Vinson & Elkins, LLP (V&E). Dennis worked on four matters for Liberty Mutual while with V&E.

---

[1] This proceeding arises out of Cause No. 07-2231-CV, styled *Kathryne Vause v. Liberty Insurance Corporation and Justin Smith*, pending in the 25th Judicial District Court, Guadalupe County, Texas, the Honorable Dwight E. Peschel presiding.

Liberty Mutual asserts that Dennis's prior representation of Liberty Mutual involved matters substantially related to the current matter such that there is a genuine threat that confidences disclosed to Dennis will be revealed to Liberty Mutual's opponent. *See NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989); TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09. Liberty Mutual presented evidence that Dennis billed almost 100 hours to four Liberty Mutual cases involving claims of bad faith and insurance code violations in connection with workers' compensation claims. These matters, Liberty Mutual argues, are "substantially related" to the underlying suit, warranting Dennis's and Doyle Raizner's disqualification.

Plaintiff responded with an affidavit from Dennis disavowing that the four V&E cases were substantially related to the underlying suit, declaring that he never had access to any confidential information about Liberty Mutual while with V&E, and stating that he has not disclosed anything about Liberty Mutual to anyone at Doyle Raizner. Plaintiff noted that three of the four matters Dennis worked on were administrative appeals that involved procedural issues, and that Dennis's involvement in the one case with similar causes of action was peripheral and did not involve access to any confidential information.

A hearing was held on the motion to disqualify on April 4, 2008. The only witness was Dennis. The trial court took the matter under advisement, and issued an order denying the motion on June 4.

The grant or denial of a motion to disqualify is reviewable by mandamus. *In re Drake*, 195 S.W.3d 232, 234 (Tex. App.—San Antonio 2006, orig. proceeding). Mandamus relief is available only if the trial court abused its discretion in granting or denying the motion to disqualify.

*In re Butler*, 987 S.W.2d 221, 223-24 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). A trial court does not abuse its discretion if the court bases its decision on conflicting evidence and some evidence supports the trial court's decision. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998). Appellate courts may not resolve disputed fact issues in a mandamus proceeding. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991).

"'Disqualification is a severe remedy.'" *Drake*, 195 S.W.3d at 235 (quoting *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990)). Accordingly, trial courts must "adhere to an exacting standard when considering [such] motions." *Id.*; *Cimarron Agric., Ltd. v. Guitar Holding Co., L.P.*, 209 S.W.3d 197, 201 (Tex. App.—El Paso 2006, no pet.). A party moving to disqualify cannot rely upon conclusory statements; the party must provide the trial court with sufficient information so that the court can engage in a painstaking analysis of the facts. *J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Morris*, 776 S.W.2d 271, 278 (Tex. App.—Dallas 1989, orig. proceeding). "'While a movant need not divulge any confidences, he must delineate with specificity the subject matter, issues and causes of action presented in [the] former representation.'" *Ghidoni v. Stone Oak, Inc.*, 966 S.W.2d 573, 579 (Tex. App.—San Antonio 1998, pet. denied) (quoting *Wadley*, 776 S.W.2d at 278).

Liberty Mutual based its motion to disqualify on Rules 1.09(a)(3) and 1.09(a)(2) of the Texas Rules of Disciplinary Procedure.[2] Rule 1.09(a)(3) provides that a lawyer who represented a client in a prior matter shall not represent another client in a matter adverse to the former client if the representation is the same or a substantially related matter. TEX. DISCIPLINARY R. PROF'L

---

[2] The Disciplinary Rules are not controlling as standards governing motions to disqualify. They serve, however, as guidelines that articulate considerations relevant to the merits of such motions. *Drake*, 195 S.W.3d at 235.

CONDUCT 1.09(a)(3). To show that the matters are "substantially related," the moving party must prove the existence of a prior attorney-client relationship in which the factual matters involved were so related to the facts alleged in the pending action that it creates a genuine threat that confidences revealed to the party's former counsel will be divulged to its current opponent. *Cimarron Agricultural*, 209 S.W.3d at 202 (citing *Coker*, 765 S.W.2d at 400). Superficial resemblances among legal issues do not rise to the level of a substantial relationship where there is no indication that the facts in the current action are substantially related to the facts in prior suits. *Id.*

Liberty Mutual places great reliance on *In re Butler*, 987 S.W.2d at 226-27, where an attorney represented an insurance carrier in a duty to defend case and then represented a party adverse to the carrier in a duty to defend case. The trial court found that the matters were "substantially related" and granted the motion to disqualify. *Id.* In reaching this decision, the trial court considered *in camera* evidence indicating that the lawyer performed a "significant amount of work" on the prior lawsuit including direct communications between the attorney and the carrier detailing the background of the lawsuit and evaluating liability. The *Butler* court noted that the trial court's disqualification order involved resolution of factual issues that it would not be proper for an appellate court to disturb in a mandamus proceeding. *Id.* Although there were some factual distinctions between the two matters alleged to raise the conflict, the court of appeals held that, based on the evidence presented, "it was not unreasonable for the trial court to conclude that the [two lawsuits] dealt with substantially related matters." *Id.* at 226.

The court of appeals in *Butler* appropriately limited its review to whether, based on the evidence, the trial court could reasonably have *granted* the motion to disqualify. The issue this

Court faces is whether, on the record in this mandamus proceeding, the trial court could reasonably have *denied* the motion. *See Ghidoni*, 966 S.W.2d at 579-80; *Wadley*, 776 S.W.2d at 278. We cannot say that the overlap of causes of action between the matters Dennis worked on while at V&E and the current matter conclusively establish that those matters are "substantially related" to the current suit such that the trial court had no discretion but to grant Liberty Mutual's motion to disqualify. *Drake*, 195 S.W.3d at 226. We conclude that the trial court could reasonably have determined that Dennis's prior representation of Liberty Mutual did not involve matters substantially related to the current suit. *Coker*, 765 S.W.2d at 400.

Turning to Liberty Mutual's other ground for disqualification, Disciplinary Rule 1.09(a)(2) requires disqualification if an attorney represents a current client in a matter adverse to the former client if the representation in reasonable probability will involve a violation of Rule 1.05, which prevents unauthorized dissemination of confidential information. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05, 1.09(a)(2). The evidence as to whether Dennis received confidential information as a result of his prior representation of Liberty Mutual is disputed. *Drake*, 195 S.W.3d at 237. Accordingly, we cannot say the trial court abused its discretion in denying the motion as to Liberty Mutual's Rule 1.09(a)(2) grounds. *Id.*; *Butler*, 987 S.W.2d at 226-27.

For these reasons, the petition for writ of mandamus is denied.

Rebecca Simmons, Justice