

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00308-CV

**IN RE** Steve **SWARTZMAN**, Andy North, and Lucy Doan

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 16, 2022

RELATORS' PETITION FOR WRIT OF MANDAMUS DENIED

On July 30, 2021, relators Steve Swartzman, Andy North, and Lucy Doan filed a petition for writ of mandamus challenging the trial court's denial of their motions to dismiss pursuant to a forum-selection clause. We deny relators' petition for writ of mandamus.

## BACKGROUND

Real party in interest Daniel Alarik is the founder and former CEO of Grunt Style, LLC. In 2017, Grunt Style obtained a loan from C3 Capital Partners III, L.P. The loan's terms included a "springing proxy" that permitted C3 to take control of Grunt Style under certain circumstances. When C3 exercised the springing proxy in 2019, Alarik stepped down as CEO and signed a two-year employment agreement with Grunt Style. In the Employment Agreement, the parties

---

[1] This proceeding arises out of Cause No. 2020-CI-19151, styled *Daniel Alarik, Individually and on Behalf of Grunt Style, LLC v. Steve Swartzman, Andy North, and Lucy Doan*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Larry Noll presiding.

"irrevocably submit[ted] to the jurisdiction of any court (Federal or State) sitting in the State of Texas in any action or proceeding arising out of or relating to this Agreement."

C3 restructured Grunt Style under an Amended and Restated Limited Liability Company Agreement. In the Company Agreement, the parties "agree[d] that any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement . . . shall be brought in" Delaware. The Company Agreement also provided that Grunt Style's board of managers would consist of three seats controlled by C3 and two controlled by Alarik. Relators hold the seats controlled by C3.

In August of 2020, Swartzman sent Alarik an email terminating the Employment Agreement. Alarik then filed the underlying lawsuit, alleging Grunt Style had breached the Employment Agreement by terminating him. Grunt Style filed an original answer consisting of a general denial and affirmative defenses. Grunt Style later amended its answer to assert a counterclaim alleging Alarik had breached the Company Agreement.

After Grunt Style filed its counterclaim, Alarik amended his petition to add claims against relators. On March 30, 2021, Doan filed a motion to dismiss. She argued Alarik's claims against her arose out of the Company Agreement and therefore must be dismissed pursuant to that agreement's forum-selection clause. Alarik responded that Grunt Style, not Alarik, filed the first claims that made the Company Agreement relevant to this dispute; that it had done so "at the direction of Defendants Doan, Swartzman, and North"; and that the forum-selection clause had been waived as a result. The trial court denied Doan's motion to dismiss without prejudice to refiling.

On June 4, 2021, all three relators filed a motion to dismiss pursuant to the Company Agreement's forum-selection clause. Both relators' motion and Alarik's response raised essentially the same arguments the trial court had considered with regard to Doan's motion, and

the trial court again denied the motion without prejudice to refiling. The transcripts of the hearings on both motions show the trial court believed the evidence was not sufficiently developed to grant the motions.

## ANALYSIS

### *Standard of Review and Applicable Law*

"Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law." *In re Mansour*, 630 S.W.3d 103, 105 (Tex. App.—San Antonio 2020, orig. proceeding). A trial court does not abuse its discretion unless its decision was "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Drake*, 195 S.W.3d 232, 235 (Tex. App.—San Antonio 2006, orig. proceeding). "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *In re Mansour*, 630 S.W.3d at 105 (quoting *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding)).

### *Application*

Relators moved to dismiss Alarik's claims against them pursuant to a forum-selection clause that they argue requires this suit to be brought in Delaware. A trial court's refusal to uphold a forum-selection clause can constitute an abuse of discretion that will justify mandamus relief. *See, e.g.*, *In re ADM Inv. Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) ("We have consistently granted petitions for writ of mandamus to enforce forum-selection clauses because a trial court that *improperly* refuses to enforce such a clause has clearly abused its discretion.") (emphasis added). Under these circumstances, however, the record does not support a conclusion that the trial court's denial of relators' motion to dismiss was improper.

As noted above, there are two contracts at issue: the Employment Agreement, in which the parties agreed to submit any disputes to a Texas court, and the Company Agreement, which

contains a forum-selection clause requiring disputes to be brought in Delaware. The parties sharply disagreed below about whether the Delaware forum-selection clause controls here. Specifically, they disagreed about: (1) whether the Delaware forum-selection clause had been waived and, if so, by whom; and (2) whether enforcement of the forum-selection clause under these circumstances would be unjust.

The trial court heard two separate motions to dismiss this cause based on the forum-selection clause, and it twice concluded that the evidence was not yet sufficiently developed to allow it to decide the questions presented by those motions. As a result, it determined that any order granting the relators' motions to dismiss would be premature. It therefore explicitly denied both motions to dismiss without prejudice, and it encouraged the relators to re-urge their arguments when the evidence was more fully developed. *Cf. In re W. Dairy Transport, L.L.C.*, 574 S.W.3d 537, 554–55 (Tex. App.—El Paso 2019, orig. proceeding) (holding trial court did not abuse its discretion by ordering discovery relevant to motion to dismiss pursuant to forum-selection clause).

We conclude "[t]he trial court's ruling on this issue was effectively a preliminary ruling" that allows relators to re-urge their request for relief in the future. *Cf. In re Walmart, Inc.*, 620 S.W.3d 851, 867 (Tex. App.—El Paso 2021, orig. proceeding). Under these circumstances, the trial court acted within its discretion by requiring the parties to further develop the evidence before seeking a final ruling on the forum-selection issue.[2] *See In re W. Dairy*, 574 S.W.3d at 554–55. Accordingly, we hold that relators did not show "that the trial court could reasonably have reached only one decision." *See In re Mansour*, 630 S.W.3d at 105 (internal quotation marks omitted). Relators therefore have not shown they are entitled to mandamus relief. *See id.*

---

[2] For similar reasons, we reject Alarik's contention that the existing record shows relators substantially invoked the judicial process to Alarik's detriment. *Cf. G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015).

**CONCLUSION**

We deny relators' petition for writ of mandamus.

PER CURIAM